IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO BRAZ-GONZALEZ,<br><br>                              Petitioner,<br><br>       v.<br><br>WARDEN, FCI EDGEFIELD,<br><br>                              Respondent. | Case No. 1:11-cv-00037 AWI MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner presents several challenges to a disciplinary proceeding leading to the loss of good time credits.

I.   **JURISDICTION**

   A.   **Subject Matter Jurisdiction**

Relief by way of a writ of habeas corpus extends to a prisoner in custody under the authority of the United States who shows that the custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Although a federal prisoner who challenges the validity or constitutionality of his conviction must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a federal prisoner challenging the manner, location, or conditions of the execution of a sentence must bring a petition for

writ of habeas corpus under 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000).

Petitioner's claims arise out of a disciplinary hearing conducted on September 28, 2010, in which the discipline hearing officer ("DHO") found that Petitioner committed the prohibited act: Possession or Introduction of a Hazardous Tool, i.e., cellular telephone components. (Decl. of Lorena Matei, Ex. B.) The DHO sanctioned Petitioner with a loss of forty days of good conduct time, imposed thirty days of disciplinary segregation, and denied Petitioner telephone privileges for one year. (Id.) Petitioner asserts that he was not provided sufficient notice of the charges, and that the regulations controlling such disciplinary violations were promulgated in violation of the Administrative Procedures Act. (See generally Pet., ECF No. 1.)

If a constitutional violation has resulted in the loss of time credits, it affects the duration of a sentence and it may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990). Accordingly, the Court concludes that it has subject matter jurisdiction over the petition.

**B.    Jurisdiction over the Person**

28 U.S.C. § 2241(a) provides that writs of habeas corpus may be granted by the district courts "within their respective jurisdictions." A writ of habeas corpus operates not upon the prisoner, but upon the prisoner's custodian. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-495 (1973). A petitioner filing a petition for writ of habeas corpus under § 2241 must file the petition in the judicial district of the Petitioner's custodian. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). The warden of the penitentiary where a prisoner is confined constitutes the custodian who must be named in the petition, and the petition must be filed in the district of confinement. Id.; Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004). It is sufficient if the custodian is in the territorial jurisdiction of the court at the time the petition is filed; transfer of the petitioner thereafter does not defeat personal jurisdiction that has once been properly established. Ahrens v. Clark, 335 U.S. 188, 193 (1948); Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990).

Here, Petitioner was incarcerated at the Taft Correctional Institution (TCI), which is located within the Eastern District of California at the time of the disciplinary hearing. However, Petitioner has since been transferred to Federal Correctional Institution, Edgefield (FCI Edgefield). Accordingly, the Court shall name the Warden of FCI Edgefield as the proper Respondent.

## II.  FACTUAL BACKGROUND

On August 20, 2010, Officer K. Hartley observed Petitioner acting suspicious. (Matei Decl., Ex. A.) Hartley conducted a pat search and found two cell phone batteries in Petitioner's left front pocket and two wires in his crotch area. (Id.) Petitioner was charged with offense code 108: Possession, Manufacture, or Introduction of a Hazardous Tool. (Matei Decl., Ex. B.)  Petitioner was provided an incident report on the same day; he did not comment regarding the incident.  (Matei Decl. Ex. A.)

Petitioner appeared at the disciplinary hearing on September 28, 2010 where he chose to exercise his right to remain silent. (Matei Decl., Ex. B.) After considering all the relevant evidence, the DHO found that greater weight of the evidence supported the finding that petitioner committed the prohibited act of Possession, Manufacture, or Introduction of a Hazardous Tool. (Id.) Sanctions of disallowance of good conduct time and disciplinary segregation were imposed. (Id.)

## III.  PETITIONER'S CLAIMS

Petitioner's petition raises two claims with regard to the disciplinary violation. First, he asserts that Offense Code 108 deprives him of Due Process rights as he was unaware that possession of the subject contraband was prohibited under that code section. Second, he asserts that the relevant code section was enacted in violation of the notice and comment provisions of the Administrative Procedure Act ("APA").

### A.  Claim One: Notice That Conduct Violated Code 108

Petitioner's first claim asserts that BOP disciplinary regulations outline other less severe violations for improper use of phones and he should not have been found guilty of a violation of BOP Code 108 for possession of a hazardous tool. At the time of the

offense, a Code 108 violation was defined as:

> Possession, manufacture, or introduction of a hazardous tool (Tools most likely to be used in an escape or escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety; e.g., hack-saw blade).

28 C.F.R. § 541.13, Table 3.[1] At the time of the violation other offense codes prohibited the use of telephones. For example, a Code 197 violation is for the "[u]se of the telephone to further criminal activity," and a Code 297 violation is for the "[u]se of the telephone for abuses other than criminal activity (e.g., circumventing telephone monitoring procedures, possession and/or use of another inmate's PIN number; third-party calling; third-party billing; using credit card numbers to place telephone calls, conference calling; talking in code)." Id.

"Due process requires fair notice of what conduct is prohibited before a sanction can be imposed." Newell v. Sauser, 79 F.3d 115, 117 (9th Cir. 1996) (citing Grayned v. City of Rockford, 408 U.S. 104 (1972)). While "[d]ue process undoubtedly requires certain minimal standards of specificity in prison regulations," "the degree of specificity required of such regulations is [not] as strict in every instance as that required of ordinary criminal sanctions." Meyers v. Alldredge, 492 F.2d 296, 310 (3d Cir. 1974); see also Adams v. Gunnell, 729 F.2d 362, 369-70 (5th Cir. 1984). In the prison context, "'the law requires less in the way of notice, and places a greater burden on the individual to make inquiry or ask permission before acting.'" Meyers, 492 F.2d at 311 (quoting Landman v. Royster, 333 F.Supp. 621, 655-56 (E.D. Va. 1971)). Federal courts defer to prison authorities' interpretation of prison rules "unless fair notice was clearly lacking." Hadden v. Howard, 713 F.2d 1003, 1008 (3d Cir. 1974).

Under the circumstances here, fair notice was not clearly lacking. The BOP

---

[1] The Regulation has since been updated to specifically mention the possession or manufacture of cell phones. See 28 CFR § 541.3 (Defining Code 108 as "Possession, manufacture, introduction, or loss of a hazardous tool (tools most likely to be used in an escape or escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety; e.g., hack-saw blade, body armor, maps, handmade rope, or other escape paraphernalia, portable telephone, pager, or other electronic device).

promulgated several regulations pertaining to telephone use. See 28 C.F.R. § 541.13, Table 3. While such regulations were created prior to the advent of small, affordable cell phones, the regulations clearly indicate that the improper use of phones could subject Petitioner to sanction. (Since Petitioner's violation, the BOP has amended the regulations to specifically include possession of cell phones as an example of a hazardous tool under Code 108. See 75 FR 76263.) That the regulation does not specifically define the level of severity of punishment for possession or use of a cell phone does not render it impermissibly vague. Code 108 was not drawn with such generality that Petitioner did not have fair notice that his conduct could violate the rule. Code 108 prohibits the possession or use of tools that are likely to be used in an escape or are hazardous to institutional security or safety. An unmonitored cell phone could easily assist an inmate to communicate with others outside the prison for purposes of planning an escape or to otherwise threaten the safety of prison personnel. Because Code 108 was sufficient to satisfy the due process requirement of fair notice in the prison context, habeas relief is unwarranted on this claim. See Franco v. Adler, 2011 U.S. Dist. LEXIS 20501 (E.D. Cal. Mar. 1, 2011).

### B. Claim Two: 28 C.F.R. § 541.13 Was Enacted In Violation of the APA

Petitioner argues that including a cell phone in the definition of a hazardous tool under § 541.13 amounted to the issuance of an invalid substantive rule because the rule was not issued in accordance with the APA's notice-and-comment procedures. 5 U.S.C. § 553. "The APA requires agencies to advise the public through a notice in the Federal Register of the terms or substance of a proposed substantive rule, allowing the public a period to comment." See 5 U.S.C. § 553(b) and (c). This is termed the "notice and comment" requirement of the APA. Erringer v. Thompson, 371 F.3d 625, 629-630 (9th Cir. 2004). "The requirement is designed to give interested persons, through written submissions and oral presentations, an opportunity to participate in the rulemaking process." Id. (citing ["Probation Officers"], Chief Prob. Officers of California v. Shalala, 118 F.3d 1327, 1329 (9th Cir. 1997). Generally, "the procedural safeguards of the APA

help ensure that government agencies are accountable and their decisions are reasoned." Id. (citing Sequoia Orange Co. v. Yeutter, 973 F.2d 752, 758 (9th Cir. 1992).

The notice and comment requirement, however, does not apply to "interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice." 5 U.S.C. § 553(b)(3)(A); Erringer, 371 F.3d at 629-630.

Petitioner's argument is somewhat confusing. It does not appear that Petitioner is challenging the notice and comment to the new regulations which include cell phones within Offense Code 108. To the extent that Petitioner argues that revised regulation 28 C.F.R. § 541.3, enacted after his discipline proceeding, is invalid in light of the APA, his argument lacks merit. Petitioner was not charged under the regulation; accordingly, it is irrelevant whether the new regulation was properly enacted.

Instead, it appears that Petitioner attempts to argue that the issuance of BOP Program Statement 5270.07, which interpreted 28 C.F.R. § 541.3 to apply Code 108 to cellphones, was in violation of the notice and comment requirements of the APA. Program Statement 5270.07 did not enact changes to 28 C.F.R. § 541.3. Instead it provided guidance to the prisons regarding how to charge inmates with possession of cell phones, as the regulation had been enacted prior to the advent of ubiquitous cell phone use.

A review of the record and the relevant rule and program statements makes clear that including cell phones as hazardous tools does not amount to issuing a substantive rule and, therefore, is not subject to the APA's notice-and-comment procedures. Petitioner does not dispute that § 541.13 was a substantive rule that was already validly in effect at the time of his disciplinary proceeding. Section 541.13 was a substantive rule because it created a specific restriction prohibiting the possession of hazardous tools. The determination that a cell phone qualifies as a hazardous tool under § 541.13 was an act of interpretation. Erringer, 371 F.3d at 629-630. The decision to discipline Petitioner for possessing a cell phone under Code 108 of § 541.13 required that prison officials determine what language of the regulation meant. Treating a cell phone as a hazardous

tool was an act of interpretation that did not create a new substantive restriction; inmates were already prohibited from possessing hazardous tools. Disciplining Petitioner amounted to little more than construing a previously enacted regulation. Because including cell phones within the meaning of hazardous tools constituted an interpretive act, the APA's notice-and-comment procedures were not implicated. Petitioner is not entitled to habeas relief as to this claim.

### B. Petitioner's Due Process Rights

Petitioner's petition does not appear to challenge a lack of due process at the disciplinary proceeding. However, after Respondent filed his answer addressing due process concerns, Petitioner, in his traverse, discusses how there was not sufficient evidence to find him in violation of Code 108. Accordingly, the Court shall address the merits of his claim.

Prisoners cannot be deprived of their constitutional rights entirely, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), citing Superintendent v. Hill, 472 U.S. 445, 454-455 (1984).

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455.

Petitioner presents an argument that there was insufficient evidence to find him

1  guilty of Possession of a Hazardous Tool. Petitioner does not contend that any
2  procedural safeguards were violated. Petitioner asserts that the hearing officer lacked
3  some evidence as Code 108 provided insufficient notice to that a cell phone was a
4  dangerous tool. Court shall only address the issue of whether the decision was
5  supported by some evidence.

6  On August 20, 2010, a correctional officer conducted a pat search on Petitioner
7  and found two cell phone batteries in his left front pocket and two wires in his crotch
8  area. (Matei Decl., Exs. A-B.)  Petitioner appeared at the disciplinary hearing on
9  September 28, 2010 and chose to remain silent. (Matei Decl., Ex. B.) After considering
10 all the relevant evidence, the DHO based the finding of guilt on the report of the
11 correctional officer that a pat search of Petitioner resulted in finding two cellphone
12 batteries and wire and a photograph of the items. (Id.) In light of the fact that Petitioner
13 failed to present any evidence to dispute the charges, the hearing officer found that
14 greater weight of the evidence supported the finding that Petitioner committed the
15 prohibited act of Possession, Manufacture, or Introduction of a Hazardous Tool. (Id.)

16 As a result of the findings, the DHO assessed sanctions of 40 days good conduct
17 credits and 30 days of disciplinary segregation. (Matei Decl., Ex. B.) The DHO explained
18 the reasons for the sanctions as follows:

> These sanctions are imposed in order to stress the seriousness of your actions and to punish you. Cell phone components and/or accessories are treated exactly like possession of the phone itself. A cell phone can be used to arrange an escape or an escape attempt and it can be connected to the threat that illicit drugs pose to institutional security due to the inability to monitor phone calls.

(Id.)

For all of the reasons contained in the DHO's report, "some evidence" exists to support a finding that Petitioner had possessed cell phone components, which Petitioner at no time denies. The evidence is sufficient to meet the deferential "some evidence" standard required under Hill.

Accordingly, the Court finds no due process violation with regard to finding of the

8

disciplinary proceeding at issue in this case. The Court recommends that Petitioner's claim for relief be denied.

## IV.  RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the petition for writ of habeas corpus be DENIED.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 30, 2013                         /s/ *Michael J. Seng*
                                               UNITED STATES MAGISTRATE JUDGE